IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–00387–EWN–OES

WALLACE MITCHELL,

    Plaintiff,

v.

KEVIN ESTRADA, Correction Officer,
JOE E. GUNJA, Warden,
RACHEL MILLER, R.N.,
BILL GRANT, M.D., Psychiatrist,
BRANDON E. PAYNE, EMT-Paramedic,
HARLEY LAPPIN, Director, Bureau of Prisons,
in Their Personal and Professional Capacity,

    Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

    This matter is before the court on the "Recommendation of United States Magistrate Judge" (#148) filed February 28, 2005. Plaintiff has objected to the recommendation. Consistent with his approach to the prison grievance process and his approach in tendering supplemental pleadings to the court, he has filed numerous supplemental objections without ever showing why he could not have placed all his objections into a single document. The magistrate judge undertook an exhaustive analysis of plaintiff's existing claims and those tendered in his never-ending supplements and filed a well-documented recommendation.

    I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct

application of the facts and the law. I differ from the magistrate judge in only one respect. While the magistrate judge has carefully documented plaintiff's failure to exhaust his administrative remedies with respect to each of the claims which he seeks to present, the magistrate judge proposes to give plaintiff the choice of voluntarily dismissing the unexhausted claims with prejudice and going forward on those which seem to have been exhausted, even though plaintiff has made a mess of those claims. In this case, the better course is to follow the rule of *Ross v. County of Bernalillo,* 365 F.3d 1181 (10th Cir. 2004) and dismiss all of the claims without prejudice. In the court's view, plaintiff appears to be developing a pattern of harassing litigation which is consuming undue amounts of time and resources. The magistrate judge's seventy-four page recommendation is a salient demonstration. The case should be ended so that plaintiff can step back and consider how to proceed. If plaintiff elects to re-file some or all of his claims, he will do so in strict compliance with the Tenth Circuit's clear instructions in *Fitzgerald v. Corrections Corporation of America*, 403 1134, 1139 (10th Cir. 2005):

> To successfully allege exhaustion a "prisoner must: (1) plead his claims with 'a short and plain statement ... showing that [he] is entitled to relief,' in compliance with Fed.R.Civ.P. 8(a)(2); and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'"

(Citations omitted.)

In accordance with the foregoing findings and conclusions. it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED (mostly).

2. All of plaintiff's claims against defendants in their official capacity seeking (1) damages or declaratory relief and (2) injunctive relief mandating a protective transfer are DISMISSED WITH PREJUDICE. All remaining claims are DISMISSED WITHOUT PREJUDICE under the rule announced in *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004).

3. All other pending motions are DENIED as moot.

DATED this  28th  day of September, 2005.

                                        BY THE COURT:

                                        s/Edward W. Nottingham
                                        EDWARD W. NOTTINGHAM
                                        United States District Judge