IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-00387-EWN-MJW

WALLACE MITCHELL,

Plaintiff,

v.

KEVIN ESTRADA, et al.,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

**IT IS HEREBY ORDERED** that the plaintiff's Motion for Court to Appoint a Court Reporter to Record Depositions (Docket No. 243) is denied.  While the court is cognizant of the plaintiff's plight, there is no provision permitting the court to make such an appointment.  See Hooper v. Tulsa County Sheriff Dept., 113 F.3d 1246 (Table) (10th Cir. June 4, 1997) (Court held that the inmate plaintiff had "failed to demonstrate his entitlement to have his witness fees or other expenses for proposed depositions waived or paid at government expense."); Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995) ("The *in forma pauperis* . . . statute . . . does not . . . require or authorize the court to subsidize litigation by paying expert fees or other costs that IFP litigants may incur, such as depositions, duplication, exhibits, or travel. . . ."); Tabron v. Grace, 6 F.3d 147, 159 (3rd Cir. 1993) ("There is no provision in the [IFP] statute for the payment by the government of the costs of depositions transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); Brathwaite v. Rispoli, 2007 WL 1795880 (D. Del. June 21, 2007) ("The court has no authority to finance or pay for a party's discovery expense. . . . The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay.  It is the plaintiff's responsibility to pay for the costs associated with the taking of depositions."); Murray v. Palmer, 2006 WL 2516485 (N.D.N.Y. Aug. 29, 2006) ("[A] litigant proceeding *in forma pauperis* does not have a right to a waiver of (1) the cost of a deposition stenographer, (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness . . ., or (3) the copying cost of any deposition transcript.") (and cases cited therein).  See also United States v. MacCollom, 426 U.S. 317, 321 (1976) ("expenditure of public funds is proper only when authorized by Congress.").  In addition, plaintiff shall follow the Federal Rules of Civil Procedure with regard to noticing any and all depositions and obtaining any necessary subpoenas.

Date: July 30, 2007