IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 03-cv-00387-EWN-MJW

WALLACE MITCHELL,

Plaintiff,

v.

KEVIN ESTRADA, et al.,

Defendants.

---

### ORDER FOR DISMISSAL WITH PREJUDICE

---

**EDWARD W. NOTTINGHAM**
**Chief, United States District Judge**

This matter is before the court for review of this court's show cause order (docket no. 331). The court has taken judicial notice of the court's file, and the court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has had a fair and adequate opportunity to be heard;

4. That on November 30, 2007, Magistrate Judge Watanabe conducted a settlement conference. At the settlement conference, the parties entered into a full and complete settlement of all claims brought in the lawsuit by the Pro Se Incarcerated Plaintiff Wallace Mitchell. Magistrate Judge Watanabe approved the settlement agreement, and he placed all terms and conditions of the settlement agreement on the record. Each party confirmed the settlement as stated on the record by Magistrate Judge Watanabe. *See* record of court proceedings docket no. 324;

5. That on November 30, 2007, the parties were ordered to submit their Joint Stipulated Motion for Dismissal to Chief Judge Edward N. Nottingham by December 21, 2007. *See* docket no. 324;

6. That the parties did not file their Joint Stipulated Motion for Dismissal to Chief Judge Edward N. Nottingham by December 21, 2007;

7. That on January 28, 2008, Defendants filed their Response to Plaintiff's Motion to Compel (docket no. 330). In this Response, Defendants stated that they made the suggested changes to the settlement agreement and sent the revised settlement documents to the Pro Se Incarcerated Plaintiff. *See* docket no. 328;

8. That on January 28, 2008, Magistrate Judge Watanabe entered the following minute order (docket no. 331):

> It is hereby ORDERED that the Pro Se Incarcerated Plaintiff's Motion to Compel (docket no. 325) is DENIED as moot. This case is settled. Defendants have received back from the Pro Se Incarcerated Plaintiff, a signed Stipulation for Dismissal. The Pro Se Incarcerated Plaintiff has received the settlement agreement in writing and the changes that the Pro Se Incarcerated Plaintiff requested have been incorporated in the written settlement agreement. However, the Pro Se Incarcerated Plaintiff has not returned the signed written settlement agreement to Defendants' counsel.
>
> It is FURTHER ORDERED that the Pro Se Incarcerated Plaintiff shall sign the written settlement agreement and return the signed written settlement agreement to Defendants' counsel on or before February 11, 2008.
>
> It is FURTHER ORDERED that the parties shall file their Stipulation for Dismissal with the court on or before February 15, 2008, or show cause why this case should not be dismissed.

9. That as of February 15, 2008, the parties have not filed their Stipulation for Dismissal;

10. That as of February 15, 2008, the Pro Se Incarcerated Plaintiff has failed to file a response to this court's show cause order of January 28, 2008 (docket no. 331);

11. That on February 15, 2008, Defendants filed their Response to Minute Order Dated January 28, 2008 (docket no. 338). In this Response, Defendants state in paragraph 3:

> Plaintiff was hand delivered a modified settlement agreement (containing many modifications requested by plaintiff), and plaintiff was requested to return the documents through the same staff member but plaintiff has refused to do so. *See* attached Declaration of Theresa Montoya (docket no. 338-2);

3

12. "A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). "Ordinarily, a party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind." Woods v. Denver Dep't of Revenue, Treasury Div., 45 F.3d 377, 378 (10th Cir. 1995). Generally, "parties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement. However, if the parties intend not to be bound until the agreement is set forth in writing and signed, they will not be bound until then." Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 322 (2nd Cir. 1997) (citations omitted) (applying New York and federal common law). "[I]n determining whether a party intended to be bound by agreement before execution of a written instrument, [the court] examine[s] the following four factors: (1) whether the parties have stated an intention not to be bound absent an executed writing, (2) whether one party has performed partially and the other party has accepted such performance, (3) whether there are no issues left to be negotiated such that the signing of the contract is merely ministerial, and (4) whether the agreement concerns complex business matters such that a

written agreement would be in the norm, not the exception." QFA Royalties, LLC v. A&D Foods, Inc., 2007 WL 1549039, at *2 (D. Colo. May 25, 2007) (citing City and County of Denver v. Adolph Coors Co., 813 F. Supp. 1476, 1479 (D. Colo. 1993)).

13. "Under Colorado law, the essential elements of a contract include 'mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration.' . . . An offer is a manifestation by one party of a willingness to enter into a bargain, and an acceptance is a manifestation of assent to the terms of the offer." QFA Royalties, LLC v. A&D Foods, Inc., 2007 WL 1549039, at *2 (D. Colo. May 25, 2007) (citations omitted).

14. This court concludes that an enforceable agreement was reached between the parties here. The parties agreed to the essential terms of their settlement with reasonable definiteness, and there was no agreement stated on the record that the parties did not intend to be bound until the agreement was set forth in writing and signed. Both sides indicated that they understood the terms and agreed to them as stated on the record. The terms of the settlement agreement were "clear, unambiguous, and capable of enforcement." City and County of Denver v. Adolph Coors Co., 813 F. Supp. at 1479.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS** that this case is **DISMISSED WITH PREJUDICE,** and each party shall pay their own attorney fees and costs based upon the settlement agreement entered into between the parties on November 30, 2007, before Magistrate Judge Watanabe (docket no. 324).

Done this 26th day of February 2008.

BY THE COURT

s/ Edward W. Nottingham
Edward W. Nottingham
Chief United States District Judge