IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 03-cv-00387-PAB-MJW

WALLACE MITCHELL,

    Plaintiff,

v.

KEVIN ESTRADA, et al.,

    Defendants.

**ORDER**

This matter is before the Court on the Motion to Reopen Case [Docket No. 359] filed by plaintiff Wallace Mitchell. Plaintiff requests that the Court reopen this case because defendant Kevin Estrada allegedly violated the terms of the parties' settlement agreement. Docket No. 359 at 2-3.

On March 5, 2003, plaintiff filed a complaint alleging violations of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. On November 30, 2007, the parties reached a settlement agreement and Magistrate Judge Michael J. Watanabe recited the terms of the settlement on the record [Docket Nos. 324, 357]. The terms of the settlement were as follows:

> The defendants have agreed to pay to the plaintiff, Mr. Mitchell, the sum of $1,500 in full and complete settlement of all claims that he has brought or could have been brought in this lawsuit. Mr. Mitchell has agreed to accept that amount of $1,500 in full and complete payment of all claims that have been brought or could have been brought in this lawsuit. Mr. Mitchell has agreed to provide to the defendants a general release releasing all claims that have been brought or could have been brought in the lawsuit. There would be a stipulation for a dismissal with prejudice

>filed with the Court.  The parties would pay their own attorneys' fees and costs.  Mr. Mitchell represents himself, so he does not have any attorneys' fees, but he does have his cost, he'll pay those.  The defendant does have attorneys' fees and costs, defendants will pay their own attorneys' fees and costs.  The defendants have agreed not to seek any reimbursement for the costs for the deposition of Mr. Mitchell which was not done but scheduled.  And, moreover, there would be no admission of liability by any of the defendants in this particular case.  And, lastly, which was a major issue in the case, Mr. Mitchell would be responsible for paying the remainder of the filing fees before this court, meaning the United States District Court for the District of Colorado.  He would also be responsible for paying the remaining balance of the filing fee to the Tenth Circuit Court of Appeals since there was an appeal in this case and this case is back on remand based upon that appeal.  And Mr. [J. Benedict] Garcia [attorney for defendant Kevin Estrada] has agreed to prepare the stipulation for dismissal with prejudice, as well as the settlement documents involving the general release releasing all claims that have been brought or could have been brought and the no admission of liability issue.

Docket No. 357 at 3-4.  The parties also agreed that the terms of the settlement as stated on the record described the entirety of their agreement.  *See id*.

Pursuant to the terms of the settlement, Garcia sent plaintiff a stipulation of dismissal and a copy of the written settlement agreement.  *See* Docket No. 328.  Plaintiff, however, failed to return a signed copy of the settlement agreement to defendant or to this Court.  *See* Docket No. 331.  Despite plaintiff's failure to return a signed copy of the settlement agreement, the Court found that the settlement was enforceable and dismissed the case with prejudice.  *See* Docket No. 339.

In the present motion, plaintiff claims that Estrada has violated the terms of the settlement.  Docket No. 359 at 2-3.  Plaintiff alleges that a clause in the settlement agreement required Estrada to have no future contact with plaintiff.  *Id*.  Plaintiff states that Estrada violated this clause when he contacted plaintiff in a housing unit at the United States Penitentiary in Florence, Colorado after plaintiff was transferred there

from the Federal Correctional Institution in Coleman, Florida. *Id*. Plaintiff claims that, because Estrada violated the terms of the settlement, this Court should reopen the case and compel defendant to abide by the terms of the settlement. *Id*. at 4.

In response, defendant argues that the terms of the settlement were not violated. Docket No. 362 at 2. Defendant states that the settlement, as recited on the record, did not include a requirement that Estrada avoid all contact with plaintiff. *Id*. Defendant also asserts that plaintiff's motion should be denied because this Court lacks jurisdiction. *Id*.

The Supreme Court addressed the enforcement of a settlement after dismissal of the underlying case in *Kokkonen v. Guardian Life Ins. Co. of Am., Inc.*, 511 U.S. 375 (1994). In *Kokkonen*, the parties settled their breach of contract case and filed a stipulation dismissing their case with prejudice because of the settlement. *Id*. at 377. The parties' stipulation did not reserve jurisdiction in the district court. *Id*. After a breach of the settlement agreement, one of the parties filed suit in the district court to enforce the terms of the settlement. *Id*. The district court found that it had jurisdiction and entered an enforcement order. *Id*. The Ninth Circuit affirmed. 993 F.2d 883, 1993 WL 164884 (9th Cir. May 18, 1993) (unpublished). The Supreme Court reversed, finding that the district court lacked jurisdiction, ancillary or otherwise, to enforce the settlement agreement. 511 U.S. at 378-79. The Supreme Court held that the enforcement of a settlement agreement was more than just a continuation or renewal of the dismissed suit, and hence required its own basis for jurisdiction. *Id*. The Supreme Court noted, however, that a district court could retain jurisdiction over the case if the

order of dismissal shows an intent to retain jurisdiction. *Id*. at 380-81; *see also Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) ("Without reservation by the court, ancillary jurisdiction is unavailable to enforce a settlement agreement").

Here, the Court finds that it may not reopen plaintiff's case because the order of dismissal did not expressly retain jurisdiction over the case. *See* Docket No. 339. Although the order of dismissal referred to the settlement agreement, it did not condition dismissal upon future compliance with the settlement. *Id*. Moreover the settlement agreement, as recited on the record, does not reference a clause which requires that Estrada avoid any and all contact with plaintiff. *See* Docket No. 357 at 3-4. Furthermore, plaintiff agreed in the settlement to release defendant from all claims that "have been brought or could have been brought in the lawsuit." *Id*.

Even if the Court were to construe plaintiff's request as seeking relief from final judgment pursuant to Fed. R. Civ. P. 60(b), plaintiff's motion fails to demonstrate entitlement to relief. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (finding that a district court has discretion to grant relief as justice requires under Rule 60(b), but that such relief is extraordinary and may only be granted in exceptional circumstances). Accordingly, for plaintiff to enforce his current claims, he must commence an independent action and establish a basis for federal jurisdiction.

For the foregoing reasons, it is

**ORDERED** that the Motion to Reopen And/Or Reinstate Case [Docket No. 359] is **DENIED**.

DATED July 17, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge