IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 03-cv-00387-PAB-MJW

WALLACE MITCHELL,

      Plaintiff,

v.

KEVIN ESTRADA, et al.,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Renewed Motion to Reopen Case [Docket No. 367] and the Motion for Sanctions and for a Protective Order [Docket No. 368] filed by plaintiff Wallace Mitchell.[1]

On March 5, 2003, plaintiff filed a complaint alleging violations of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. On November 30, 2007, the parties reached a settlement agreement and Magistrate Judge Michael J. Watanabe recited the terms of the settlement on the record. *See* Docket Nos. 324, 357. On February 26, 2008, the Court dismissed the case after finding that the settlement agreement, as recited on the record on November 30, 2007, was clear, unambiguous, and enforceable. Docket No. 339 at 5, ¶ 14. Specifically, the Court found that, although plaintiff did not sign a

---

[1]In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

stipulation of dismissal, because the parties agreed to the "essential terms of their settlement with reasonable definiteness, and there was no agreement stated on the record that the parties did not intend to be bound until the agreement was set forth in writing and signed," the oral recitation of the settlement agreement was binding on the parties.  *Id*.

On July 5, 2012, plaintiff filed a motion to reopen this case, arguing that defendant Kevin Estrada violated the terms of the settlement agreement.  Docket No. 359 at 2-3.  On July 17, 2012, the Court denied plaintiff's motion to reopen the case, finding that the Court did not expressly retain jurisdiction over the settlement and was without jurisdiction to enforce the settlement agreement.  Docket No. 363 at 3-4; *see also Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  Moreover, the Court found that plaintiff did not demonstrate that he was entitled to the relief requested.  Docket No. 363 at 4.

In the present motion, plaintiff argues that the Court has jurisdiction to enforce the settlement agreement because this case is distinguishable from *Kokkonen*.  Docket No. 367 at 4.  Specifically, plaintiff maintains that he refused to sign defendants' written settlement agreement because it did not include a clause requiring that the Court retain jurisdiction over the parties' settlement agreement.  *Id*.  Plaintiff claims that, since he did not agree to sign defendants' proposed settlement agreement and did not agree to the dismissal of the case, the Court should reopen the case because dismissal was in error.  *Id*. at 5.

Courts may alter or amend a final judgment pursuant to Fed. R. Civ. P. 59(e) or

Fed. R. Civ. P. 60(b).  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.

1991).  In this case, plaintiff filed his motion more than twenty eight days after the entry

of final judgment; therefore, Rule 60(b) applies.  *Id*.  Accordingly, the Court will construe

plaintiff's motion to reopen the case as a motion to amend the judgment made pursuant

to Rule 60(b).

Rule 60(b) relief is "extraordinary and may only be granted in exceptional

circumstances."  *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009

(10th Cir. 2000).  Parties seeking relief under Rule 60(b) have a higher hurdle to

overcome because such a motion is not a substitute for an appeal.  *Zurich N. Am. v.*

*Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).  Under Rule 60(b)(6), the

Court may relieve a party or its legal representative from a final judgment for "any other

reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) has been described

as a "grand reservoir of equitable power to do justice in a particular case."  *Pierce v.*

*Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief

under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling"

that extraordinary relief is warranted or when it "offends justice" to deny such relief.

*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).  Courts have

granted relief under Rule 60(b)(6) "when, after entry of judgment, events not

contemplated by the moving party render enforcement of the judgment inequitable,"

where a party is indigent or when it offends justice to deny such relief.  *Id.* at 579; *Yapp*

*v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999).  In this case, the Court finds

that plaintiff is not entitled to relief pursuant to Rule 60(b)(6).

Generally, a "trial court has the power to summarily enforce a settlement

agreement entered into by the litigants while litigation is pending before it."  *United*

*States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993) (citation omitted);

*DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1247 (Colo. App. 2001) ("A

court may summarily enforce a settlement agreement if it is undisputed that a

settlement exists").  "Issues involving the formation and construction of a purported

settlement agreement are resolved by applying state contract law."  *Shoels v. Klebold*,

375 F.3d 1054, 1060 (10th Cir. 2004).  Under Colorado law, "[i]t is established that a

signature is not always necessary to create a binding agreement."  *City & Cnty. of*

*Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1480 (D. Colo. 1993) (citation

omitted); *Yaekle v. Andrews*, 195 P.3d 1101, 1107 (Colo. 2008) (noting that common

law contract principles allow for the formation of contracts without the signatures of the

parties bound by them).  It is also true that the purpose of a signature is to demonstrate

"mutuality of assent" which may be shown by the conduct of the parties.  *Adolph Coors*,

813 F. Supp. at 1480.  To enter "into a contract, each party must understand and agree

to the essential terms and conditions of the claimed contract . . . [which] may be

inferred from the conduct and declarations of the parties."  *I.M.A., Inc. v. Rocky*

*Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986).  Moreover, the fact that the

parties contemplated preparing a written agreement "is not of itself sufficient to show

that the parties intended that until such formal writing was executed" the agreed upon

oral terms of the contract would "be without binding force." *Id.*

   After reviewing the November 30, 2007 transcript of the parties' settlement

agreement, the Court finds that its previous order was not in error and that the parties

reached an enforceable agreement. *See* Docket No. 357 at 3-4 (Tr. at 3:7-4:14).

Although plaintiff maintains that he refused to sign the settlement agreement because it

did not include a clause requiring that the Court retain jurisdiction, this term was not an

essential part of the parties' settlement agreement as stated on the record. *I.M.A.*, 713

P.2d at 888. Moreover, there is no indication from the record that the parties did not

intend to be bound until the settlement agreement was set forth in writing. *See*

*DiFrancesco*, 39 P.3d at 1248 (noting that, when a verbal understanding is "expressly

made 'subject to' preparation of a written document, it is reasonable to infer that the

parties have not yet agreed to be bound"); *see also* Docket No. 357 at 4-5 (Tr. at 4:18-

5:10). Instead, when Magistrate Judge Watanabe asked plaintiff if there were

additional terms necessary to the settlement agreement not stated on the record,

plaintiff responded that the terms recited on the record were the full and complete terms

of the settlement. Docket No. 357 at 4 (Tr. at 4:18-20). In light of the foregoing, the

Court concludes that the settlement agreement between the parties was clear,

unambiguous, and capable of enforcement and, therefore, plaintiff is not entitled to

relief pursuant to Rule 60(b)(6). *Cf. Cashner*, 98 F.3d at 580 (noting that "[s]tipulated

judgments negotiated in open courts are not to be easily set aside. Such judgments

are as final as those entered following trial") (citation omitted); *see Pelican Prod. Corp.*

*v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) (noting that relief is appropriate under

Rule 60(b)(6) when justice so requires).  Accordingly, the Court will deny plaintiff's

renewed motion to reopen the case.  *Woods v. Denver Dep't of Revenue*, 45 F.3d 377,

378 (10th Cir. 1995) (noting that, ordinarily, a party who knowingly and voluntarily

authorizes the settlement of his claims cannot avoid the terms of the settlement simply

because he changes his mind).

Plaintiff also requests that the Court sanction defendants and issue a protective

order.  Docket No. 368.  In support, plaintiff states that unidentified employees of the

Federal Bureau of Prisons ("BOP") did not deliver several motions plaintiff submitted in

this case.  *Id*. at 2.  In addition, plaintiff claims that BOP officials have removed all of his

legal materials from his cell, including all of the records from his criminal case under

appeal.  *Id*. at 3.  Plaintiff states that, because of the actions of these BOP officials, he

had to "smuggle[ ]" his motion to the Court with the aid of a sympathetic prison guard.

*Id*.  Plaintiff requests that the Court use its "inherent jurisdiction to impose sanctions"

against these BOP officials and issue relevant orders necessary to prevent the BOP

officials from restraining plaintiff's right of access to the courts.  *Id*.  Plaintiff also

requests that the Court issue a protective order directing the defendants and the BOP

to return his legal materials.  *Id*. at 4.

Because the case is closed and the settlement agreement "releas[ed] all [of

plaintiff's claims against defendants] that have been brought or could have been

brought," the Court does not have jurisdiction to sanction unidentified BOP officials that

have allegedly restricted plaintiff's access to the courts.  Docket No. 357 at 3-4.

Therefore, as noted in the Court's previous order, plaintiff should commence an

independent action and establish a basis for federal jurisdiction to enforce his current

claims.

Accordingly, it is

**ORDERED** that the Motion for Leave to File Already Lodged Renewed Motion to

Reopen Case [Docket No. 369] is **GRANTED**.  It is further

**ORDERED** that plaintiff's Renewed Motion to Reopen Case [Docket No. 367] is

**DENIED**.  It is further

**ORDERED** that plaintiff's Motion for Sanctions and for a Protective Order to

Issue [Docket No. 368] is **DENIED**.


DATED August 23, 2013.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
