IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 03-cv-00387-PAB-MJW

WALLACE MITCHELL,

    Plaintiff,

v.

KEVIN ESTRADA, et al.,

    Defendants.

---

## ORDER

---

This motion is before the Court on the Motion for Relief from Judgment [Docket No. 371] filed by plaintiff Wallace Mitchell.[1]

On March 5, 2003, plaintiff filed a complaint alleging violations of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. On November 30, 2007, the parties reached a settlement agreement and Magistrate Judge Michael J. Watanabe recited the terms of the settlement on the record. *See* Docket Nos. 324, 357. On February 26, 2008, the Court dismissed the case after finding that the settlement agreement, as recited on the record on November 30, 2007, was clear, unambiguous, and enforceable. Docket No. 339 at 5, ¶ 14. Specifically, the Court found that the parties agreed to the "essential terms of their settlement with reasonable definiteness, and there was no agreement

---

[1] In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

stated on the record that the parties did not intend to be bound until the agreement was set forth in writing and signed." *Id.* Thus, although plaintiff did not sign a stipulation of dismissal, the Court held that the oral recitation of the settlement agreement was binding on the parties.

On July 5, 2012, plaintiff filed a motion to reopen this case, arguing that defendant Kevin Estrada violated the terms of the settlement agreement. Docket No. 359 at 2-3. On July 17, 2012, the Court denied plaintiff's motion to reopen the case, finding that the Court did not expressly retain jurisdiction over the settlement and was without jurisdiction to enforce the settlement agreement. Docket No. 363 at 3-4; *see also Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Moreover, the Court found that plaintiff did not demonstrate that he was entitled to the relief requested. Docket No. 363 at 4.

On February 28, 2013 plaintiff filed a renewed motion to reopen the case, arguing that the Court had jurisdiction to enforce the settlement agreement because this case is distinguishable from *Kokkonen*. Docket No. 367 at 4. He further argued that he refused to sign defendants' written settlement agreement because it did not include a clause requiring that the Court retain jurisdiction over the parties' settlement agreement. *Id.* Plaintiff claims that, since he did not agree to sign defendants' proposed settlement agreement and did not agree to the dismissal of the case, the Court should reopen the case because dismissal was in error. *Id*. at 5.

On August 23, 2013, the Court issued an order denying plaintiff's motion to reopen the case, finding that the parties reached an enforceable settlement agreement

and that plaintiff was not entitled to the requested relief. Docket No. 370 at 4-6. Specifically, the Court noted that there was no indication from the record that the parties did not intend to be bound until the settlement agreement was set forth in writing. *Id.* at 5.

In the present motion, plaintiff argues that the record contains evidence he intended that a settlement agreement should include a clause requiring this Court to retain jurisdiction. Docket No. 371 at 2. Specifically, plaintiff claims that, at a June 27, 2007 scheduling conference in front of the magistrate judge, plaintiff stated that a confidential settlement agreement between the parties should contain a jurisdictional provision. *Id.* Plaintiff claims that he may have been tricked into thinking that, by raising the issue at the scheduling conference, the issue was successfully argued or preserved. *Id.* at 3. Plaintiff argues that his statements at the scheduling conference create a disputed fact sufficient to justify reopening this case. *Id.* For the purposes of this motion, the Court assumes that, at the June 27, 2007 scheduling conference, plaintiff expressed his intent that a settlement agreement should include a provision requiring this Court to retain jurisdiction.[2]

Courts may alter or amend a final judgment pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In this case, plaintiff filed his motion more than twenty eight days after the entry

---

[2]Plaintiff argues that, as a result of his statement, the magistrate judge "ordered the confidential settlement agreement to be amended" [Docket No. 371 at 2] as indicated in the magistrate judge's handwritten modification to the Scheduling Order. *See* Docket No. 227 at 7. However, the magistrate judge indicated that the parties should file "updated confidential *settlement statements*"; thus, plaintiff's characterization of the magistrate judge's order appears to be incorrect. *See id.* (emphasis added).

3

of final judgment; therefore, Rule 60(b) applies. *Id*. Accordingly, the Court will construe plaintiff's motion to reopen the case as a motion to amend the judgment made pursuant to Rule 60(b).

Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Under Rule 60(b)(6), the Court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent or when it offends justice to deny such relief. *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999). In this case, the Court finds that plaintiff is not entitled to relief pursuant to Rule 60(b)(6).

Plaintiff appears to argue that his statements at the June 27, 2007 scheduling conference should be considered as part of the settlement agreement or as evidence

that he intended the settlement agreement include a jurisdiction retention clause. "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). To enter "into a contract, each party must understand and agree to the essential terms and conditions of the claimed contract . . . [which] may be inferred from the conduct and declarations of the parties." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986). The Court has already found that the parties reached a clear, enforceable agreement. Docket No. 370 at 5; *see* Docket No. 357 at 3-4 (Tr. at 3:7-4:14). A clause requiring that the Court retain jurisdiction was not an essential part of the parties' settlement agreement as stated on the record. *Id.*; *see I.M.A.*, 713 P.2d at 888. Moreover, when Magistrate Judge Watanabe asked plaintiff if there were additional terms necessary to the settlement agreement not stated on the record, plaintiff responded that the terms recited on the record were the full and complete terms of the settlement. Docket No. 357 at 4 (Tr. at 4:18-20).

Plaintiff's statements two months earlier at a scheduling conference are not sufficient to revisit the findings of this Court on the issue of the settlement agreement's essential terms. Plaintiff does not provide support for his claim that he was tricked into thinking that a clause requiring this Court to retain jurisdiction would be included in the settlement agreement. Moreover, plaintiff's "unilateral mistake" as to the meaning of the settlement agreement or the force of his earlier statements is insufficient grounds to grant a Rule 60(b) motion. *See Cashner*, 98 F.3d at 580. "Stipulated judgments negotiated in open courts are not to be easily set aside. Such judgments are as final as

those entered following trial." *Id.* (citations omitted). Plaintiff's reference to a statement allegedly made at an earlier scheduling conference is not an unusual or compelling circumstance justifying extraordinary relief. Therefore, the Court finds no reason to disturb its finding that the settlement agreement between the parties was clear, unambiguous, and capable of enforcement. Docket No. 370 at 5. Thus, plaintiff is not entitled to relief pursuant to Rule 60(b)(6).

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Relief from Judgment [Docket No. 371] is **DENIED**.

DATED January 10, 2014.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge